IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARIETTA DOBBINS, | ) | CASE NO. 1:14 CV 253 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JACOB J. LEW, Secretary of the | ) | |
| Treasury (Internal Revenue Service), | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the *pro se* complaint of Marietta Dobbins against Jacob Lew, Secretary of the Treasury, for federal employment discrimination. Dobbins brought this civil action after a formal complaint to the Internal Revenue Service and an agency appeal.[2] Dobbins asserts eight claims.[3] The government has filed a motion to dismiss.[4] Dobbins's responded to the government's motion,[5] and the government replied to Dobbins's response.[6]

---

[1] This matter was referred to me for general pretrial supervision by United States District Judge Donald C. Nugent. ECF # 5.

[2] ECF # 11-1, at 2-3.

[3] ECF # 1.

[4] ECF # 11.

[5] ECF # 13.

[6] ECF # 14.

# Facts

**A.     Background Facts**

Here, Dobbins, an employee with the IRS as a Bankruptcy Specialist,[7] contacted a counselor with Equal Employment Opportunity ('EEO').[8] Dobbins then filed a formal administrative complaint.[9] The agency accepted the complaint, completed an investigation, and distributed the file.[10] The issue was then forwarded for a final agency decision.[11] On July 17, 2012, the Department of Treasury found no discrimination and dismissed all of Dobbins's claims.[12] The Treasury mailed its decision to Dobbins and her designated attorney on July 17, 2012, by both first class mail and certified mail.[13] The decision informed Dobbins she had a right to appeal the decision to the EEOC within 30 days and could file a civil action within 90 days after the EEOC's decision.[14]

---

[7] ECF # 11-2, at 3.

[8] *Id.*, at 1. *See*, 29 C.F.R. § 1614.105.

[9] ECF # 11-2, at 1. *See*, 29 C.F.R. § 1614.106.

[10] ECF # 11-2, at 1.

[11] *Id.*, at n.2.

[12] *Id.*, at 19.

[13] *Id.*, at 20.

[14] *Id.*, at 21-22.

Dobbins's attorney received the final agency decision by certified mail on July 19, 2012.[15] Dobbins received her copy by certified mail on August 11, 2012.[16] Dobbins then filed her appeal to the EEOC after the 30-day deadline expired on September 11, 2012.[17] She provided no justification for the delay.[18] On November 14, 2013, therefore, the EEOC's Office of Federal Operations ("OFO") dismissed Dobbins's appeal as untimely.[19] Dobbins, *pro se*, filed this action on February 6, 2014.[20]

## B.    Motion to dismiss

As noted, the government filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to timely exhaust administrative remedies.[21] In the supporting brief, the government argues that Dobbins failed to timely exhaust her administrative remedies because she failed to appeal the final agency decision to the EEOC within 30 days.[22] The government

---

[15] ECF # 11-3, at 2.

[16]  ECF # 11-1, at 3.

[17] ECF # 11-3, at 2. Dobbins filed her appeal 54 days after her attorney signed for his certified mail copy.

[18] *Id.*

[19] *Id.*, at 1-2.

[20] ECF # 1. This is within 90 days of the EEOC's dismissal of the appeal.

[21] ECF # 11.

[22] ECF # 11-1, at 1.

notes that the time starts when her attorney received the certified mail copy of the final decision; therefore, her appeal was untimely.[23]

The government claims a requirement of filing a civil action is to timely exhaust administrative remedies because the "[p]rocedural requirements established by Congress ... are not to be disregarded by courts out of a vague sympathy for particular litigants."[24] Further, the government notes that to waive sovereign immunity the plaintiff must rigorously exhaust the administrative requirements and time limits.[25] The government further compares this case to a number of others where discrimination suits were dismissed because the employee failed to file within the administrative time requirements.[26] Thus, the government notes that since Dobbins's appeal was untimely, and she did not follow procedure, she is "precluded from filing this suit."[27]

In her response, Dobbins argues that:

Per denial letter as shown on Exhibit B, there were two options with only one to be selected; "Statement of Rights – On Appeal Reconsideration (M0610)" or take action of "Complainant's Right To File A Civil Action (S0610).[sic][28]

---

[23] *Id.*, at 7 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990)).

[24] *Id.*, at 6 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

[25] *Id.*, at 5 (quoting *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002)).

[26] *Id.*, at 7-8 (citing *Irwin*, 498 U.S. at 91, 96; *Seiden v. Potter*, No. 03-CV-73126-DT, 2004 WL 3741932, at *4-5 (E.D. Mich. Mar. 30, 2004)).

[27] *Id.*, at *7.

[28] ECF # 13.

Dobbins argues that the EEOC's dismissal informed her she could file a civil action within 90 days, which she did, so her suit is timely.[29] In addition, Dobbins claims she appealed the case "with more documentation ... including continued harassment...."[30]

In its reply the government does not dispute that Dobbins filed the civil action within 90 days of the EEOC's final decision but argues that the suit is subject to dismissal because she failed to timely exhaust her administrative remedies.[31] The government argues that since she failed to timely file her appeal to the EEOC's OFO, "this action is barred for failure to exhaust administrative remedies and subject to dismissal."[32]

## Analysis

### A.    Law

As noted, there are administrative requirements and time limitations that must be followed.[33] A precondition to filing a federal employment discrimination action is "[e]xhaustion of administrative requirements."[34] The complainant must consult with a

---

[29] *Id.*

[30] *Id.*

[31] ECF # 14 at 1-2.

[32] *Id.* at 3.

[33] 42 U.S.C. § 2000e-16; 29 C.F.R. §§ 1614.101-.407; *Brown v. Gen. Servs. Admin*, 425 U.S. 820, 832 (1976).

[34] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citing *McFarland*, 307 F.3d at 406).

counselor within 45 days of the alleged discrimination.[35] After the complainant files a formal

complaint there will be an investigation and a final agency decision.[36] Then the complainant

may appeal to the EEOC and file a civil action from the EEOC's final decision.[37] The

complainant must appeal to the EEOC OFO within 30 days of the final agency decision.[38]

If the complainant is represented by an attorney, the 30-day time limit shall begin to run

when the decision is received by the attorney if he receives notice first.[39] The complainant

must file a civil action within 90 days of the EEOC's final decision on appeal.[40]

Administrative remedies must be exhausted in a timely manner.[41] Failure to do so "is

an affirmative defense."[42] The government's waiver of sovereign immunity is conditioned

"upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time

limitations.'"[43] Even if the filing of the civil action in the federal court is within 90 days of

the untimely EEOC appeal, it "cannot cure the untimeliness of the original appeal. To hold

---

[35] 29 C.F.R. § 1614.105(a)(1).

[36] 29 C.F.R. § 1614.106.

[37] 29 C.F.R. § 1614.402(a); 29 C.F.R. § 1614.407(a); 42 U.S.C. § 2000e-16(c).

[38] 29 C.F.R. § 1614.402(a).

[39] 29 C.F.R. § 1614.402(b); *Irwin*, 498 U.S. at 92-93 (1990).

[40] 29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16(c).

[41] *Lockett*, 259 F. App'x at 786.

[42] *Id.* (citations omitted).

[43] *Figueroa v. U.S. Postal Serv.*, 422 F. Supp. 2d 866, 880 (N.D. Ohio 2006) (quoting *McFarland*, 307 F.3d at 406.

otherwise would allow a plaintiff to circumvent the administrative procedures set up by Congress."[44]

## B.    Application of law

Dobbins failed to exhaust her administrative remedies because she did not timely file her appeal with the EEOC. As noted, Dobbins appealed to the EEOC before filing a civil action; however, the EEOC dismissed her appeal as untimely.[45] Dobbins then filed this civil action within 90 days of the EEOC's dismissal.[46]

The courts have consistently dismissed cases where there is failure to exhaust administrative remedies. In *Lockett v. Potter*, no evidence was presented to show the complainant exhausted his administrative remedies so the court dismissed the case.[47] In *Figueroa v. U.S. Postal Service*, the plaintiff failed to file a formal complaint before she filed under Title VII in federal court.[48] Since she failed to exhaust her administrative remedies, the court dismissed that cause of action.[49] Similar to *Figueroa*, Dobbins failed to exhaust her administrative remedies by filing a late appeal to the EEOC. Therefore, her cause of action should be dismissed.

---

[44] *Jenkins v. Potter*, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003) (citations omitted).

[45] ECF # 11-3, at 1-2.

[46] ECF # 1.

[47] *Lockett*, 259 F. App'x at 786.

[48] *Figueroa*, 422 F. Supp. 2d at 880.

[49] *Id.*

Here, the case most clearly resembles *Jenkins v. Potter*, because Jenkins failed to appeal to the EEOC within the 30-day time period, and "the OFO dismissed the plaintiff's appeal as untimely."[50] The plaintiff then filed a civil action within 90 days after the OFO's decision was received.[51] Since the appeal to the EEOC was untimely, the district court stated the administrative remedies had not been exhausted, and "filing the suit within 90 days cannot cure the untimeliness of the original appeal."[52] In addition, the court stated "the EEOC is required to give complainants notice of the right to file a civil action, but this requirement 'does not serve to abrogate initial filing deadlines.'"[53] The court went on to say equitable tolling is not warranted when the wife of Jenkins's union representative was terminally ill causing the untimely filing of the appeal.[54]

Here, the procedural facts are nearly identical to those in *Jenkins*. The district court applied the same basic facts in *Jenkins* and granted the defendants motion for summary judgment.[55] In both cases the EEOC appeal was untimely filed and the appeal was dismissed because of it. In *Jenkins*, the court found the administrative remedies unexhausted because

---

[50] *Jenkins*, 271 F. Supp. 2d at 561. Jenkins sought reconsideration of the appeal that the OFO denied. *Id.*

[51] *Id.*

[52] *Id.* at 563 (citations omitted).

[53] *Id.* (quoting *Conway v. Runyon*, No. 94 C 4960, 1995 WL 88976, at *2 (N.D. Ill. Feb. 24, 1995)).

[54] *Id.* at 563-64.

[55] *Id.* at 565.

the EEOC dismissed the appeal as untimely.[56] Here, Dobbins's case resembles Jenkins's, but Dobbins's facts are even weaker on the issue of equitable relief. Dobbins provides no reasoning or evidence as to why she untimely filed her appeal and is entitled to equitable relief. *Jenkins* found no equitable relief warranted on more evidence and stronger facts. This civil action should be dismissed for failure to exhaust administrative remedies.

While *pro se* pleadings shall be "liberally construed,"[57] they are not excused from following the clear understanding of the applicable statutes and filing requirements. Dobbins has pointed to nothing, and we can find nothing to excuse her failure to exhaust the statutorily mandated administrative requirements. The fact that Dobbins did not understand the law correctly when she filed her civil action does not excuse her failure to follow the administrative time requirements when she was represented by counsel.

## Conclusion

For the foregoing reasons, I recommend that the motion to dismiss be granted.

Dated: October 31, 2014

s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[56] *Id.* at 562-63.

[57] *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

-9-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[58]

---

[58] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).